E-FILED
Tuesday, 08 December, 2020  08:49:24 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. JACKSON, JR. | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | )   Case No. 20-2318 |
| | ) |
| VERMILION COUNTY OFFICERS, | ) |
|    Defendants. | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff submitted a letter which was filed as a complaint. *See Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse *pro se* plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P 8).  Plaintiff was advised if he wished to pursue a federal lawsuit, he must either pay the filing fee in full or file a motion to proceed *in forma pauperis* (IFP). *See* November 13, 2020 Text Order.  Plaintiff has responded with a motion to proceed IFP. [3].

While Plaintiff's claims involve Vermillion County Officers, Plaintiff is not incarcerated and therefore the Prison Litigation Reform Act does not apply to his claims. *See* 28 U.S.C. §1915(c).  However, since Plaintiff is seeking leave to proceed IFP, 28 U.S.C. §1915(e)(2)(B)(ii) requires the Court to dismiss any action at any time if the Court finds the complaint fails to state a claim. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In other words, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

1

Plaintiff's complaint is a paragraph which states he was assaulted by Vermillion County Officers on July 16, 2020 and suffered serious injuries.  Plaintiff says there should be a video recording to support his claims, but he does not currently know the names of the officers.  Plaintiff also states there are pictures and hospital records to support his allegations.  Plaintiff further claims the attack was in retaliation for another lawsuit.  Finally, Plaintiff says he was assaulted by more deputies at a Champaign hospital.

Plaintiff may be able to proceed with claims alleging excessive force and retaliation, but he must provide more information to put the Defendants on proper notice of his allegations. *See* Fed.R.Civ.P. 8.  In addition, since Plaintiff does not know the name of any Defendant, it is particularly important that he provide information to assist in identifying the correct individuals both with additional information concerning his allegations and the specific individuals involved.

For instance, Plaintiff claims officers used excessive force against him on July 16, 2020.  If Plaintiff now knows the name of any individual involved, he should provide this information.  Otherwise, Plaintiff should state when, where, and how the excessive force was used.  Did the assault occur during an arrest and if so, what was the location and time frame?  Did the assault occur in the jail and if so, what was the location and time frame? Approximately how many people were involved in the assault?  Were there any interactions before the assault or what led to the incident?  Can Plaintiff provide a description of any of the individuals involved?  What happened during the

2

assault?  Also, Plaintiff says he suffered injuries, but he has failed to provide any information about the specific injuries suffered.

If Plaintiff is claiming two separate incidents of excessive force, he must provide the same information for both allegations.  Did both assaults take place on the same day?  Did both assaults involve the same deputies?

Plaintiff may also state a First Amendment retaliation claim by alleging he engaged in protected activity, he suffered retaliation as a result, and the defendant retaliated in a manner likely to deter future First Amendment activity. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). Filing a lawsuit against prison or jail officials is a protected activity. *See Lewis v. Casey,* 518 U.S. 343, 350 (1996); *Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir.2005).  However, Plaintiff should state when he filed his previous lawsuit and who it was filed against.  In other words, was Plaintiff's lawsuit filed against Vermillion County officers and if so, when was it filed?

The Court will allow Plaintiff additional time to file an amended complaint in compliance with this order.  Plaintiff's amended complaint must stand complete on its own, include all claims against all Defendants, and must not refer to the original complaint. Plaintiff MUST follow the directions in this order and provide the information required.  In addition, the Court will provide the Plaintiff with a blank complaint form which he should use to assist in clarifying his claims and Defendants.

The Court will also dismiss Plaintiff's IFP since he has not yet articulated a federal claim.  Plaintiff will be given leave to renew his motion, but Plaintiff is admonished he must provide complete information concerning any income received.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.  Consequently, Plaintiff's motion to proceed *in forma pauperis* is also denied. [3]

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before December 30, 2020.  Plaintiff is admonished if he fails to file an amended complaint by the deadline or fails to follow the Court's directions, his case will be dismissed without prejudice. The Clerk is to provide Plaintiff with a complaint for to assist him.

3) The Clerk is also to provide Plaintiff with a new IFP form.  Plaintiff is reminded he must identify any income he receives.  Plaintiff must refile his completed IFP application within 21 days or on or before December 30, 2020.

4) The Clerk is also directed to reset the internal merit review deadline within 30 days of this order.

5) Plaintiff is reminded he must IMMEDIATELY notify the Court in writing of any change in his mailing address or telephone number.  Failure to provide this information will result in the dismissal of his lawsuit.

ENTERED this 8th day of December, 2020.


                              s/ James E. Shadid
        _____
                         JAMES E. SHADID
                  UNITED STATES DISTRICT JUDGE