UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY L. JACKSON, JR. ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-2318 |
| ) | |
| VERMILION COUNTY OFFICERS, ) | |
| Defendants. ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint [5] and motion for leave to proceed *in forma pauperis*. [6].

I. BACKGROUND

Plaintiff's original complaint was submitted as a letter claiming Vermillion County Officials had violated his constitutional rights. [1]; *see Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse *pro se* plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P 8). Since Plaintiff was not incarcerated when he filed his complaint, the Prison Litigation Reform Act did not apply. *See* 28 U.S.C. §1915(c). However, Plaintiff was seeking to proceed *in forma pauperis* (IFP). Therefore, the Court reviewed the specific allegations and found the complaint was a violation of Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief could be granted. *See* 28 U.S.C. §1915(e) (2)(B).

The Court pointed out the specific deficiencies in Plaintiff's filing and what information was needed to clearly articulate a claim. Plaintiff was then given additional

1

time to file an amended complaint and a new IFP motion. See December 8, 2020 Merit Review Order.

## II. AMENDED COMPLAINT

Plaintiff has now filed a motion for leave to file an amended complaint and a renewed IFP motion. [5, 6]. Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [5].

In addition, it appears Plaintiff cannot afford to pay the filing fee based on his IFP application. [6]. Nonetheless, the Court must still consider whether any of the allegations in the amended complaint are frivolous, malicious or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). "In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Mieloszyk v. McBride*, 2020 WL 3618467, at *1 (S.D.Ill. July 2, 2020), *citing Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Plaintiff has now identified five specific Defendants including Cole Anderson, Martin Walworth, Herbert Powell, Dylan Vice, and Keyona Williams. Unfortunately, Plaintiff has failed to provide job titles. Based on his allegations, it appears the Defendants were Vermillion County Sheriff's Deputies and Plaintiff was in custody at the time of the incident. The Court will dismiss the John Doe Defendants "Vermillion County Officers" since they are no longer listed as Defendants. [1, 5].

Plaintiff says on July 23, 2020, "officers came into my room to taser me because I wouldn't go to a padded cell." (Amd. Comp., p. 5). Plaintiff says officers used the taser

two or three times and he was "squirming trying to get them off me." (Amd. Comp., p. 5). Plaintiff says Defendant Walworth then began banging Plaintiff's head on the floor and "trying to break my arm." (Amd. Comp., p. 5). During the scuffle with the Defendant, Plaintiff says his mouth hit the ground and he lost three teeth. Defendant Anderson was also punching Plaintiff in the face. Plaintiff says he was then handcuffed and left in a cell which left scars on his wrists.

Plaintiff says the incident occurred because he had disagreements with staff and he had filed a previous lawsuit based on a denial of medical care.

Plaintiff has not specifically mentioned Defendants Herbert Powell, Dylan Vice, and Keyona Williams in his complaint, but he does allege they all came to his cell to subdue him. It is also not clear which officer or officers used a taser. Nonetheless, for purposes of notice pleading, Plaintiff has alleged Defendants Anderson and Walworth used unconstitutional force against him on July 23, 2020, and the remaining Defendants either used unconstitutional force or failed to protect Plaintiff from the use of force. The Defendants also violated his constitutional rights when he was left in a cell with handcuffs on.

Plaintiff finally alleges the Defendants retaliated against him in violation of his First Amendment rights. As previously stated, Plaintiff must allege he engaged in a protected activity, he suffered retaliation as a result, and the defendant retaliated in a manner likely to deter future First Amendment activity. December 8, 2020 Order, p. 3, citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Filing a lawsuit against prison or jail officials is a protected activity. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Lekas v.*

*Briley*, 405 F.3d 602, 614 (7th Cir.2005).  However, any previous verbal, disagreements is not a protected activity. Therefore, his retaliation claim is limited to his previous lawsuit.

Plaintiff must clarify his allegations during discovery.  For instance, Plaintiff must provide more information about the involvement of Defendants Powell, Vice, and Williams in the use of force.  In addition, Plaintiff will need to estimate how long he remained in handcuffs.  Plaintiff must also provide more information about the previous lawsuit which he alleges sparked the retaliatory behavior. Finally, the parties must clarify if Plaintiff was a pretrial detainee or a convicted inmate on July 23, 2020.  If Plaintiff was a pretrial detainee, then his claims are analyzed pursuant to the Fourteenth Amendment, but if he was convicted at the time, his claims are pursuant to the Eighth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Graves v. Hake*, 2021 WL 217278, at *1 (N.D.Ind. Jan. 20, 2021).

IT IS THEREFORE ORDERED:

1) Pursuant to its review of the amended complaint, the Court finds the Plaintiff alleges: a) Defendants Anderson and Walworth used unconstitutional force against him on July 23, 2020; b) Defendants Powell, Vice, and Williams either used unconstitutional force or failed to protect Plaintiff from the use of force on July 23, 2020; c) all named Defendants violated Plaintiff's constitutional rights when they left Plaintiff handcuffed in a cell; and d) all named Defendants retaliated against Plaintiff with the use of force on July 23, 2020 based on his previous lawsuit. The claims are stated against the Defendants in their individual

capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) Grant Plaintiff's Motion for Leave to Proceed IFP as a non-prisoner Plaintiff, [6]; 2) Grant Plaintiff's Motion to Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15, [5]; 3) Dismiss Defendant Vermillion County Officers for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 4) Add Vermillion County Defendants Cole Anderson, Martin Walworth, Herbert Powell, Dylan Vice, and Keyona Williams; 5) Attempt service on Defendants pursuant to the standard procedures; 6) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 7) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED this 23nd day of February, 2021.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE